UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on March 13, 2025

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. |
| v. | MAGISTRATE NO. 25-MJ-182 |
| TERRANCE LYNWOOD BOYD, | VIOLATION:<br>18 U.S.C. § 922(g)(1) |
| Defendant. | (Unlawful Possession of a Firearm and<br>Ammunition by a Person Convicted of a<br>Crime Punishable by Imprisonment for a<br>Term Exceeding One Year) |
| | FORFEITURE: 18 U.S.C. § 924(d);<br>21 U.S.C. § 853(p); and 28 U.S.C. § 2461(c) |

## INDICTMENT

The Grand Jury charges that:

### COUNT ONE

On or about August 26, 2025, within the District of Columbia, **TERRANCE LYNWOOD BOYD**, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in D.C. Superior Court Case Nos. 2022 CF2 002248, 2011 CF2 002600, 2008 CF2 016552, and in Prince George's County, MD Circuit Court case number CT052115A, did unlawfully and knowingly possess a firearm, that is, a Ruger 5.7 semi-automatic firearm, and did unlawfully and knowingly possess ammunition, that is, 5.7x28mm caliber cartridges, which had been possessed, shipped, and transported in and affecting interstate and foreign commerce.

**(Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of 18 U.S.C. § 922(g)(1))

1

## FORFEITURE ALLEGATION

1.      Upon conviction of the offense alleged in Count One of this Indictment, **TERRANCE LYNWOOD BOYD**, shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in or used in the knowing commission of the offense.

2.      If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

(a)      cannot be located upon the exercise of due diligence;

(b)      has been transferred or sold to, or deposited with, a third party;

(c)      has been placed beyond the jurisdiction of the Court;

(d)      has been substantially diminished in value; or

(e)      has been commingled with other property that cannot be subdivided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

(**Criminal Forfeiture**, pursuant to 18 U.S.C. § 924(d), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c))

A TRUE BILL:

FOREPERSON.

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

By:    _____
KIMBERLEY C. NIELSEN
Assistant United States Attorney
and Deputy Chief, VCNT

1