**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | :    **Criminal No. 25-cr-273 (TJK)** |
| **v.** | : |
| | : |
| **TERRANCE LYNWOOD BOYD** | : |
| | : |
| **Defendant.** | : |

**GOVERNMENT'S SUBMISSION OF ELEMENTS OF OFFENSE AND
PROFFER OF EVIDENCE IN SUPPORT OF DEFENDANT'S PLEA OF GUILTY**

I.    Summary of the Plea Agreement

Defendant Terrance Lynwood Boyd ("Defendant") agrees to admit guilt and enter a plea of guilty to Count 1 of the criminal Information, charging him with Possession of Firearms in Furtherance of a Drug Trafficking Offense in violation of Title 18 U.S.C. § 924(c)(1)(A)(i).

II.    Elements of the Offense

The essential elements of the offense of Possession of a Firearm in Furtherance of a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i), each of which the United States must prove beyond a reasonable doubt, are:

(1)    That the defendant committed a drug trafficking crime prosecutable in a court of the United States—here, Possession with Intent to Distribute Controlled Substances, to wit: fentanyl, phencyclidine ("PCP"), and heroin in violation of 21 U.S.C. § 841(a)(1);

(2)    That the defendant knowingly possessed a firearm; and

(3)    That the possession of the firearm was in furtherance of the defendant's drug trafficking crime.

Penalties for the Offense

The penalty for Possession of a Firearm in Furtherance of a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i), is as follows:

(A)    a term of imprisonment of not less than five years and a maximum sentence of life in prison;

(B)    a fine not to exceed $250,000, pursuant to 18 U.S.C. § 3571(b)(3);

(C)    a term of supervised release of not more than five years, pursuant to 18 U.S.C. § 3583(b)(1); and

(D)    a special assessment of $100, pursuant to 18 U.S.C. § 3013(a)(2)(A).

III.    Brief Statement of the Facts

The following statement of facts does not purport to include all of the Defendant's illegal conduct. It also does not purport to be an inclusive recitation of everything that the Defendant heard, knew, or witnessed concerning the illegal activities of himself or others. The limited purpose of the foregoing statement of facts is to represent sufficient information for the Court to find a factual basis for accepting the Defendant's guilty plea as to the criminal Information.

Had this case gone to trial, the Government's evidence would prove the following beyond a reasonable doubt:

1.  On August 26, 2025, in the District of Columbia, the Defendant, Terrance Lynwood Boyd, knowingly possessed firearms in furtherance of drug trafficking offenses.

2.  On August 26, 2025, law enforcement executed a search warrant at 2921 Knox Place, S.E., Apartment 201, Washington, D.C. ("Knox Residence"). The Knox Residence was used by the Defendant to store controlled substances, which he intended to distribute. The Defendant also stored a Draco-style firearm at the Knox Residence to protect the controlled substances stored there.

2

3. Specifically, during the search of the Knox Residence, law enforcement recovered a Draco-style firearm bearing serial number PMD-16031-91, 25 rounds of ammunition, approximately 107.5 grams of fentanyl, 24.04 grams of phencyclidine ("PCP"), and 155.6 grams of heroin. The Draco-style firearm was found in a backpack in a bedroom closet, while the controlled substances listed above were found in a second backpack immediately next to the backpack in which the Draco-style firearm was found.

4. DNA analysis confirmed the presence of the Defendant's DNA on the Draco-style firearm bearing serial number PMD-16031-19 recovered from the Knox Place Residence.

5. On August 26, 2025, law enforcement executed a search warrant at 1222 Southern Ave, SE, Apt 201, Washington, DC 20032 ("Southern Residence"). The Defendant lived in the Southern Residence. The Southern Residence was used by the Defendant to store proceeds from the sales of controlled substances and additional drug paraphernalia. The Defendant also stored a firearm at the Southern Residence to protect the proceeds obtained from the sale of controlled substances and facilitate his drug trafficking activity.

6. $10,010 in U.S. currency was found inside a safe located beneath a nightstand in a bedroom of the Southern Residence. This currency was bundled together into nine bundles of $1,000 and one bundle of $1,010 in mixed denominations of $10, $20, $50, and $100 bills. An additional $169 in U.S. currency was located in the nightstand drawer. This currency was obtained by the Defendant from the sale of controlled substances. Hanging on a hook affixed to the exterior of that same bedroom closet door, next to the previously mentioned nightstand, law enforcement found a Ruger-5.7 pistol with serial number 643-67724. The firearm was loaded with one round of 5.7x28mm ammunition in the chamber, and at least two additional rounds in the inserted magazine.

7.  The Defendant possessed the Draco style firearm recovered from the Knox Residence and the Ruger 5.7 pistol recovered from the Southern Residence in furtherance of drug trafficking offenses involving fentanyl, PCP, and heroin. The Defendant used both firearms to protect the controlled substances and drug proceeds, thereby advancing and facilitating his drug trafficking activity. The Defendant's conduct, as described above, constituted the possession of firearms in furtherance of drug trafficking offenses, in violation of Title 18, U.S.C. § 924(c) (1)(A)(i).

Sincerely,

*Jeanine Ferris Pirro* CSR
Jeanine Ferris Pirro
United States Attorney

By:   /s/
Syeda Sarah Akhtar
John Crabb, Jr.
Matthew W. Kinskey
Assistant United States Attorneys

## Defendant's Acceptance

I have read each of the pages that constitute the Government's proffer of evidence and have discussed it with my attorney, Brian Keith McDaniel. I fully understand this proffer and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in my plea agreement.

I am satisfied with the legal services provided by my attorney in connection with this proffer and my plea agreement and matters related to it.

Date: 5-28-26

Terrance Lynwood Boyd
Defendant

## Attorney's Acknowledgment

I have read each of the pages that constitute the Government's Proffer of Evidence, reviewed them with my client, Terrance Lynwood Boyd, and discussed the provisions of the proffer with him fully. These pages accurately and completely set forth the Government's proof, as I understand it.

Date: 5/28/26

Brian Keith McDaniel
Counsel for Terrance Lynwood Boyd

5